IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Roy Suttles, | Case No. 7:13-cv-02750-HMH-JDA |
| Plaintiff, | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| v. | |
| Spartanburg Housing Development and Spartanburg Housing Authority, | |
| Defendants. | |

This matter is before the Court on a motion to dismiss filed by Defendant Spartanburg Housing Authority ("SHA"). [Doc. 7.] Plaintiff Roy Suttles ("Plaintiff") filed his action against Defendants on October 9, 2013, alleging race discrimination and retaliation. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is a 64 year old white male who alleges he was employed by SHA and by Defendant Spartanburg Housing Development ("SHD")[1] for three years before his termination. [Doc. 1 ¶ 1.] Plaintiff alleges that he was the only white employee with SHD and his supervisor, a black female, "established a practice of favoring minorities." [*Id.* ¶ 2.] Plaintiff claims that in June 2010, his hours were reduced unlawfully to allow his supervisor the funding to hire another black employee. [*Id.* ¶¶ 23—24.] He claims his supervisor then gave false statements to SHD's Board of Directors, informing them

---
[1] SHD filed its Answer on December 6, 2013 [Doc. 14].

1

that Plaintiff would rather quit than have reduced hours. [*Id.* ¶¶ 26—27.] Plaintiff was terminated on June 21, 2010, and alleges that a black male was hired in his place. [*Id.* ¶ 29.] Plaintiff avers in his Complaint that the matter was presented to the EEOC in a timely fashion and that his administrative remedies have been exhausted. [*Id.* ¶ 16.][2]

SHA filed its motion to dismiss on November 19, 2013, arguing that Plaintiff was not employed with SHA at the time of his alleged discrimination. [Doc. 7.] SHA and SHD were considered to be one entity until March 8, 2010, when the two entities severed their relationship. [Doc. 7-1 ¶ 3.] SHA filed an affidavit and additional documentation with its motion to demonstrate that Plaintiff was terminated from SHA on March 8, 2010, before his alleged discrimination. [*Id.* ¶¶ 3—4.] Moreover, SHA avers that it never received a complaint from the EEOC or the South Carolina Human Affairs Commission about Plaintiff's Complaint. [*Id.* ¶ 2.] The Court issued an Order on February 24, 2014, advising Plaintiff that the Court would convert the motion to dismiss to a motion for summary judgment so it could appropriately consider the evidence put forth by SHA. [Doc. 19.] Plaintiff was given the opportunity to present evidence of his own, which he timely filed with the Court. [Doc. 20.] Plaintiff argues that SHA and SHD were intertwined even after their separation, such that the Court should consider them to be one entity. [*Id.*] Plaintiff requests additional discovery on this issue before the Court makes any further determinations. [*Id.*]

## APPLICABLE LAW

**Motion to Dismiss Standard**

*Rule 12(b)(6)*

---

[2] Plaintiff is ordered to file a copy of his notice of right to sue within seven (7) days of this Report and Recommendation being entered if there is any additional documentation besides what Defendant filed with its motion [Doc. 7-1 at 9—12].

2

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

> enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

If on a motion pursuant to Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(d). Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment: the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

## DISCUSSION

The sole issue before the Court at this time is whether Plaintiff was employed with SHA at the time of his alleged discrimination and resulting termination. SHA has filed an affidavit from its Executive Office Manager, Lois Menken, averring that SHA had no involvement with its former employees after SHA and SHD separated. [Doc. 7-1 ¶ 4.] Additionally, SHA filed documentation from SHD's attorney, dated February 26, 2010, which specified that the two entities had been separated and that SHD was "tak[ing] measures to avoid any actual or apparent co-mingling of activities and assets of [SHD] with those of the [SHA]." [*Id.* at 4.] SHA sent Plaintiff a letter on March 8, 2010, stating very specifically that his "employment with Spartanburg Housing Authoring will end on Monday, March 8, 2010." [*Id.* at 6.] Plaintiff was advised that he was "no longer authorized to act as or represent yourself as an officer or representative of Spartanburg Housing Authority." [*Id.*] Finally, SHA attached the Plaintiff's Charge of Discrimination with both the South Carolina Human Affairs Commission and the EEOC, both of which name SHD as Plaintiff's employer. [*Id.* at 9-12.]

5

Plaintiff, on the other hand, filed an affidavit that purports to demonstrate the two entities remained intertwined after their alleged separation. Plaintiff avers, among other things, that SHD continued to serve as an arm for SHA, that the two entities shared board members, that SHA had authority over SHD's properties, that Plaintiff still did work for SHA and that the two entities' properties were intermingled. [Doc. 20-1 ¶ 13.]

Courts have combined separate business entities to treat them as a single employer in order to meet the "15 or more employees" requirement of Title VII and for purposes of liability. *See EEOC v. Alford*, 142 F.R.D. 283, 286 (E.D. Va. 1992). Courts have also held two employers jointly liable for a Title VII claim depending on whether each employer "exercises substantial control over significant aspects of the compensation, terms, conditions or privileges of a plaintiff's employment." *Williams v. Grimes Aerospace Co.*, 988 F.Supp. 925, 934 (D.S.C. 1997)(quoting *Magnuson v. Peak Tech. Servs., Inc.*, 808 F.Supp. 500, 507 (E.D. Va. 1992)). The sole evidence that Plaintiff has presented on the issue of continued integration or control over him is a self-serving affidavit. The Court is unconvinced that, in light of the evidence put forth by Defendant SHA, Plaintiff will be able to overcome the summary judgment burden, provide more evidence than his own self-serving affidavit, and demonstrate that there is a material issue of fact as to whether or not he was an employee of SHA at the time of his termination. However, in light of the fact that Plaintiff has not been allowed discovery on the issue and has requested such discovery, the Court will allow limited discovery on this issue only if the District Judge affirms this Report. Moreover, the Court will allow limited additional briefing on this issue alone, as it is a threshold issue for whether SHA should continue in the case (and indeed, whether SHD will meet the

requirements, standing alone, to be an employer under Title VII). The Court is mindful that it should allow for a developed record before making such a factual determination, particularly because such issue could be jurisdictional. *See Alford*, 142 F.R.D. at 286 (holding that whether or not two entities are liable as a single employer if one of the entities does not meet the requirement of 15 or more employees is a jurisdictional issue requiring factual discovery). If the District Judge adopts this Report, SHA and Plaintiff are to file a joint pleading setting forth an expedited discovery schedule on this particular issue.

## **CONCLUSION**

Wherefore, based upon the foregoing, the undersigned recommends that Defendant's motion to dismiss [Doc. 7] be DENIED, with leave to refile a motion for summary judgment on the issue after appropriate discovery.

IT IS SO RECOMMENDED.

/s/Jacquelyn D. Austin
United States Magistrate Judge

March 12, 2014
Greenville, South Carolina